**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219* *412/644-3500*

June 22, 2026

Thomas F. Merrick, Esquire
22 Mission Drive
Pittsburgh, PA 15228

Re: United States of America v.
Trevaughn J. Yearwood
Criminal No. 25-277

Dear Mr. Merrick:

This letter sets forth the agreement by which your client, Trevaughn J. Yearwood, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Trevaughn J. Yearwood and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Trevaughn J. Yearwood will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A. The defendant, Trevaughn J. Yearwood, agrees to the following:

1. The defendant will enter a plea of guilty to Count One of the Indictment at Criminal No. 25-277, charging the defendant with violating 18 U.S.C. § 1349, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL USE

2. The defendant will pay mandatory restitution under 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct. The amount of restitution may not necessarily be the same as the amount of loss for the purpose of determining the offense level under the Sentencing Guidelines

3. The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

4. Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to the defendant.

5. The defendant will immediately notify the Court and the United States of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

6. If the Court imposes a fine or restitution as part of a sentence of incarceration, Trevaughn J. Yearwood agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

7. At the time Trevaughn J. Yearwood enters the defendant's plea of guilty, he will deposit a special assessment of $100.00 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

8. If Trevaughn J. Yearwood makes a payment of the restitution agreed to in paragraph C.4 prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to said paragraph.

9. Trevaughn J. Yearwood agrees to send all payments made pursuant to the Court's restitution order to the Clerk of Court at the following address:

   Clerk of Court, U.S. Courthouse
   700 Grant Street, Suite 3110
   Pittsburgh, PA 15219

10. Trevaughn J. Yearwood waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

11. Trevaughn J. Yearwood waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Trevaughn J. Yearwood may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Trevaughn J. Yearwood may take a direct appeal from the sentence.

    Trevaughn J. Yearwood further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

    Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

12. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Trevaughn J. Yearwood in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to USSG § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in USSG § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3. The United States will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Trevaughn J. Yearwood and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Trevaughn J. Yearwood is:

(a) A term of imprisonment of not more than 20 years;

(b) A fine of not more than $250,000;

or,

(c) An alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process;

(d) A term of supervised release of not more than three (3) years;

(e) A special assessment under 18 U.S.C. § 3013 of $100; and

(f) Mandatory restitution under 18 U.S.C. §§ 3663A and 3664.

2. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Trevaughn J. Yearwood acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

3. The parties stipulate and agree that the fraud loss for purposes of the Sentencing Guidelines is more than $550,000.00, but not more than $1,500,000.00, and that the sentencing guidelines range shall be calculated pursuant to USSG § 2B1.1, *et seq.*, as follows:

   (a) the base offense level is 7 (§2B1.1(a)(1));

   (b) that 14 levels shall be added for amount of loss (§2B1.1(b)(1)(H));

   (c) that 4 levels shall be added because the offense resulted in substantial financial hardship to 5 or more victims (§2B1.1 (b)(2)(B)); and

   (d) that 4 levels shall be added for victim-related adjustments (§§3A1.1(b)(1) and (2)).

   The total offense level is 29 before any reduction for acceptance of responsibility pursuant to paragraph B.2.

   The foregoing stipulations do not preclude either party from seeking guideline enhancements or reductions as to factors which are not expressly addressed in the stipulations.

   These stipulations are not binding on the Court and do not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

4. The defendant agrees to pay restitution to the victims pursuant to 18 U.S.C. §§ 3663(a)(3), 3663A and 3664, in an amount to be determined by the Court at sentencing.

5. This agreement does not preclude the government from pursuing any civil or administrative remedies against Trevaughn J. Yearwood or the defendant's property.

6. The defendant agrees, as conditions of this Plea Agreement, not to (i) commit any additional federal, state, or local crime; (ii) violate any condition of release; (iii) fail to appear for sentencing; (iv) provide information to the Probation Office or the Court that is intentionally

misleading, incomplete, or untruthful, or (v) otherwise breach this Plea Agreement.

If the defendant acts contrary to any of the conditions set forth in the above paragraph at any time between the signing of this Plea Agreement and sentencing, the United States will be released from its obligations under this Plea Agreement. In that circumstance, the United States may seek, and the Court may impose, a longer term of imprisonment, a longer term of supervised release, and/or a larger fine than agreed upon. The defendant will remain bound by the terms of this Plea Agreement and will not be allowed to move to withdraw his plea of guilty. The United States may also reinstate previously dismissed or reduced charges, and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Any alleged breach of this Plea Agreement shall be determined by agreement of the parties or by the Court. If determined by the Court, a breach of this Plea Agreement shall be established by a preponderance of the evidence.

7. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Trevaughn J. Yearwood and the United States Attorney for the Western District of Pennsylvania and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

TROY RIVETTI
United States Attorney

GREGORY C. MELUCCI
Assistant United States Attorney

I have received this letter from my attorney, Thomas F. Merrick, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

X Yearwood

TREVAUGHN J. YEARWOOD

8/25/26

Date

Witnessed by:

THOMAS F. MERRICK, ESQUIRE
Counsel for Trevaughn J. Yearwood